IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 08-cv-01928-RPM

LAW FIRM OF CISNEROS & SCHENDZIELOS, LLC,

        Plaintiff,

v.

GREENWOOD CAPITAL HOLDINGS, INC.;
STARTRACK ENTERPRISES, INC.;
CHAG INVESTMENTS, LTD.; and
THE IRINA ARONSON IRREVOCABLE TRUST,

        Defendants and
        Cross-Plaintiff,

v.

GREGORY BARTKO,

        Cross-Defendant.
_____

ORDER OF DISMISSAL OF CROSS-CLAIM DEFENDANT GREGORY BARTKO AND
FOR REMAND OF CIVIL ACTION
_____

        This civil action began as an action in interpleader filed by the Law Firm of Cisneros & Schendzielos, LLC, as the holder of shares of stock of PAIVIS Corp. as escrow agent. That stock is the subject of a Securities Purchase Agreement, dated March 23, 2007, in which The Irina Aronson Irrevocable Trust ("Trust") is the purchaser and the other named defendants are sellers. The complaint was filed in the District Court, City and County of Denver, State of Colorado, on June 7, 2007, pursuant to a forum selection clause in Section 10(d) of the Agreement. On May 1, 2008, the Denver District Court granted the Trust's Motion to Amend Answer to Add Cross-Claims and An Additional Party. That motion was granted by an order entered on July 21, 2008, and

the additional party, Gregory Bartko, was served on August 13, 2008.  Mr. Bartko filed a Notice of Removal in this court on September 9, 2008, alleging diversity of citizenship as the basis for subject matter jurisdiction.  On September 15, 2008, Mr. Bartko filed a Motion to Dismiss Under Fed.R.Civ.P. 12(b)(2)–Lack of Personal Jurisdiction and Brief in Support.

The Trust filed a Motion to Remand on October 9, 2008, asserting that the removal violated the rule of unanimity because it was not agreed to by all defendants; that Mr. Bartko had waived any right of removal by his participation as a party to the Agreement and therefore bound by the forum selection clause and that the notice of removal was untimely.

Upon review of the pleadings filed in the state court, it appears that the cross-claims alleged against Gregory Bartko are for breach of contract and fraud in the inducement of the Trust to enter into the agreement.  The arguments of the Trust in the Motion to Remand are without merit.  Gregory Bartko filed the Notice of Removal within 30 days of service on him and the claims alleged against him are beyond the scope of the interpleader action.  The Trust and Mr. Bartko are not co-defendants on any claim.  They are adverse parties and requiring the consent of all of the original defendants would deprive him of his opportunity to seek relief from this court on his challenge to personal jurisdiction.  Section 10(d) of the Agreement is a forum selection clause related only to an interpleader action by the escrow agent.  It does not constitute a consent to jurisdiction or a waiver of removal by Gregory Bartko even if he is deemed to be a party to the Agreement.  Section 11(c) of the Agreement appears to govern the claims made by the Trust against Mr. Bartko.

The Trust's response to Mr. Bartko's motion to dismiss also relies on Section 10(d). No other basis for asserting personal jurisdiction has been asserted. The section is not applicable.

Upon the foregoing, it is

ORDERED, that the claim for relief against Gregory Bartko by The Irina Aronson Irrevocable Trust in its First Amended Answer to Cross-Claim of Defendants Greenwood Capital Holdings, Inc., Startrack Enterprises, Inc., and Chag Investments LTD., Cross-Claim Against Defendants Startrack Enterprises, Inc. And Chag Investments Ltd., and Claim for Relief Against Gregory Bartko is dismissed, without prejudice, as to Gregory Bartko for lack of personal jurisdiction, and it is

FURTHER ORDERED, that this civil action is remanded to the District Court, City and County of Denver, Colorado.

DATED: October 21st, 2008

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior Judge